UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BILLIE SMITH                                      CIVIL ACTION

VERSUS

AMERICAN STRATEGIC                  NO.: 18-00611-BAJ-RLB
INSURANCE CORPORATION

### RULING AND ORDER

This flood insurance dispute arises from the historic Baton Rouge flood of August 2016. Before the Court is Defendant American Strategic Insurance Corporation's **Motion for Summary Judgment (Doc. 16),** seeking dismissal of Plaintiff's claims under Article VII(J)(4) of the Standard Flood Insurance Policy (SFIP) for failing to meet all conditions precedent to the filing of this lawsuit. The Motion is opposed (Doc. 17). For the reasons offered, Defendant's Motion is **GRANTED**.

I.     FACTS

Plaintiff owns property located at 8081 Hunstock Ave., Denham Springs, Louisiana 70706. Plaintiff obtained an insurance policy through Defendant that provides for $250,000 in building coverage and $100,000 in contents coverage. Following the 2016 Baton Rouge flood, Plaintiff reported a claim under her SFIP for damages to her property. Defendant acknowledged the flood claim and assigned the loss to an independent adjuster. The adjuster prepared an estimate of the flood

damages. Defendant then paid Plaintiff $154,893.97 for building and contents damages.

Believing the initial inspection and payment were deficient, Plaintiff retained Nicaud & Sunseri Law Firm, LLC to represent her in pursuing her claim. The fee agreement authorized counsel to "sign any Proof of Loss [statement] on behalf of [Plaintiff] to preserve [her] claim with FEMA." (Doc. 17-3, p. 2). On December 6, 2017, counsel for Plaintiff submitted a Second Proof of Loss statement totaling $168,287.20 signed and sworn by counsel. (Doc. 16-8, p. 107-09). On June 6, 2018, Plaintiff filed suit alleging breach of the SFIP for failing to pay flood benefits for the full amount of damages.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). A party asserting that a fact cannot be genuinely disputed must support the assertion by citing materials in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, [and] interrogatory answers" or that an adverse party cannot produce admissible evidence to support the presence of a genuine dispute. *See* FED. R. CIV. P. 56(c)(1).

"[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for

trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986) (quotation marks and footnote omitted). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation marks and citations omitted). In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997) (citation omitted).

## III. ANALYSIS

The United States Court of Appeals for the Fifth Circuit has established that the SFIP "must be strictly construed and enforced." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998). "The terms of the SFIP are dictated by FEMA and cannot be waived or modified by [any party]," *including* the defendant insurer. *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 388 (5th Cir. 2005).[1] These strict rules of construction cannot be relaxed, even if a harsh result follows. *Id.* at 387 (5th Cir. 2005) (discussing *Gowland*, 143 F.3d at 955); *accord Cohen v. Allstate Ins. Co.*, 924 F.3d 776, 782 (5th Cir. 2019) ("[N]ot even the temptations of a hard case will provide a basis for ordering recovery contrary to the terms of a *regulation*, for to do so would disregard the duty

---

[1] The SFIP itself expressly states that its terms "cannot be changed nor can any of its provisions be waived without the express written consent of the Federal Insurance Administrator." SFIP, art. VII(D) (Amendments, Waivers, Assignment).

3

of all courts to observe the conditions defined by Congress for charging the public treasury." (*quoting Forman v. Fed. Emergency Mgmt. Agency*, 138 F.3d 543, 545 (5th Cir. 1998)).

Defendant is a Write-Your-Own Program carrier authorized to issue the SFIP under its logo pursuant to the agreement between itself and FEMA. Article IX of the SFIP specifically provides that Plaintiff "may not sue . . . to recover money under this policy unless [they] have complied with all the requirements of the policy." There is no question that Plaintiff did not sign the Proof of Loss statement and that it was instead signed by her attorney pursuant to a written agreement. (*See* Doc. 17-3). Here, the only question before the Court is whether an attorney may sign a Proof of Loss statement for Plaintiff to comply with the requirements of the SFIP.

This Court has determined that the term "you" in "the clear and unambiguous language of a [SFIP] policy" included only the insured, their cohabitating spouse, and certain mortgagees and loss payees but not a "plaintiff's attorney or a mandatary." *Duane Cothren v. American Strategic Ins. Corp.*, No. CV 17-1725-JWD-EWD, 2021 WL 5435175, at *7 (M.D. La. Nov. 19, 2021). In fact, other district courts in the Fifth Circuit and other Circuits have held that a proof of loss statement signed by an insured's attorney is not an adequate proof of loss statement as required by the SFIP. *Abel v. Wright Nat'l Flood Ins. Co.*, No. 2:18-CV-385, 2019 WL 7791938, at *3 (S.D. Tex. Dec. 2, 2019) (*citing Johnson v. Imperial Fire & Cas. Ins. Co.*, Civ. No. 07-4255, 2008 WL 2951961, at *4 (E.D. La. July 28, 2008) (*citing Bentley v. Metro. Prop. & Cas. Ins. Co.*, Civ. No. 06-4799 (E.D. La. April 25, 2007) (holding "that an attorney's letter,

not sworn to by the insured, cannot constitute adequate proof of loss")); *See Browning v. S. Farm Bureau Cas. Ins. Co.*, No. 1:10-CV-559, 2011 WL 13323872, at *8 (E.D. Tex. Sept. 12, 2011) (concluding proof of loss does not comply with the SFIP in part because it "is not signed by the plaintiff himself, but rather by his attorney")). Accordingly, the Court concludes that the Proof of Loss statement signed by Plaintiffs' attorney does not constitute adequate proof of loss statement as required by the SFIP and that this deficiency is fatal to her ability to establish the elements of her claim.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant American Strategic Insurance Corporation be and are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the above-captioned matter is hereby **DISMISSED** in its entirety.

Baton Rouge, Louisiana, this 16th day of December, 2021

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA